UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ENERGY TRANSFER GC NGLS LLC ET AL** | **CASE NO. 6:24-CV-01527** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ENTERPRISE GAS PROCESSING LLC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Emergency Motion to Remand and Application for Just Costs and Actual Expenses. (Rec. Doc. 6). Defendants opposed the Motion. (Rec. Doc. 18) and Plaintiffs replied (Rec. Doc. 20). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiffs' motion be GRANTED in part and DENIED in part.

### Factual Background

On November 4, 2024, Plaintiffs Energy Transfer and Sea Robin Pipeline Company ("Sea Robin") filed a Petition for Damages and Injunctive Relief and Request for Temporary Restraining Order and Preliminary Injunction in state court after the Sea Robin Gas Processing Plant ("Plant") was shutdown. (Rec. Doc. 1-2).

According to Plaintiffs, the ownership and operation of the Plant is governed by multiple agreements which include "binding rules that govern voting procedures for all matters concerning the operation of the Plant." (*Id*. at ¶¶ 1-3). These Agreements include a Restated and Amended Agreement for the Construction and Operation of the Sea Robin Gas Processing Plant ("COA"), its amendments (collectively, "COAA"), and a Restated and Amended Agreement between Sea Robin and the Plant owners ("SA"). (*Id* at ¶ 1). Per Plaintiffs, any proposal to temporarily shut down the Plant requires the affirmative majority vote of four of the seven Plant owners. (*Id*. at ¶ 3). Plaintiffs maintain that Enterprise unilaterally executed a shutdown of the Plant without complying with the plain terms and purpose of the voting procedures by orchestrating "a sham transaction where it unlawfully inflated Enterprise's voting power and usurped the decision-making rights of the other Plant owners." (*Id*. at ¶¶ 4-5).

In the first Notice of Removal, Defendants allege that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because "Plaintiffs' claims are based on federal law and the Court will need to interpret and apply federal law in deciding Plaintiffs' claims." (Rec. Doc. 1). Specifically, Defendants point to Paragraph 47 of Plaintiffs' Petition to support this contention which alleges:

> Sea Robin has a federally imposed duty under the National [*sic*] [1] Gas Act, 15 U.S.C. §§ 717 *et seq.*, to provide open and nondiscriminatory access to Plaintiff's pipelines. Defendants' breach of contract and attempt to shut down the Plant threaten to force Plaintiff to violate its duty because it will no longer be able to provide pipeline access to its customers.

On November 11, 2024, Defendants filed a First Amended Notice of Removal wherein they maintain that this dispute also "falls within the express grant of federal jurisdiction in 43 U.S.C. § 1349(b)(1)" because the "case involves an operation conducted on the Outer Continental Shelf ("OCS") related to development and production of minerals." (Rec. Doc. 17)(citing the Outer Continental Shelf Lands Act ("OCSLA")).

Plaintiffs filed the instant Emergency Motion to Remand asserting that they only raised state claims. (Rec. Doc. 6). Plaintiffs contend that they "assert four causes of action: (1) two breach of contract claims, (2) a request for declaratory judgment, and (3) a request for temporary restraining order and injunctive relief." (*Id.* at p. 4). Per Plaintiffs, "[a]ll of these claims are exclusively based in contracts governed by Louisiana law, namely the COAA and SA, and solely implicate Louisiana law." (*Id.*). Plaintiffs also maintain that Defendants "baselessly filed their motion for removal in a flagrant effort to impede Plaintiffs' request for immediate

---

[1] Plaintiffs cite to the Natural Gas Act.

3

relief and further inflict irreparable harm on Plaintiffs" and request just costs and actual expenses, including attorney fees. (*Id*. at p. 6).

## Law and Analysis

"Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by statute, district courts lack power to consider claims." *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994); *see also*, *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) and *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir. 2001). Federal district courts have original jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. §1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. Courts may also exercise, or decline to exercise, supplemental jurisdiction over certain cases. 28 U.S.C. §1367; *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 804, 810 (5th Cir. 2007).

A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court jurisdiction establishes otherwise. *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916. Any doubts regarding whether removal jurisdiction is proper should be resolved against federal-court jurisdiction. *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000). The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*,

134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

Whether a claim arises under federal law so as to confer federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998). Under the well-pleaded complaint rule, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.,* 295 F.3d 485, 490 (5th Cir.2002); *see also Saadat v. Landsafe Flood Determination, Inc.,* 253 Fed.Appx. 343, 344 (5th Cir.2007). However, federal question jurisdiction may also exist where "the vindication of [the subject state law cause of action] necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28 (1983); *see also Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 808–09 (1986); *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987).

"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction" over a case. *Merrell Dow v. Thompson,* 478 U.S. at 813; *Willy v. Coastal Corp.,* 855 F.2d 1160, 1168 (5th Cir.1988); *see also*, *MSOF,* 295 F.3d at 491–92 (finding no federal question

5

jurisdiction where "[t]he vindication of ... plaintiffs' rights does not turn on resolution of a federal question."). Furthermore, "the existence of a private cause of action is not a litmus test for the existence of a federal question, as many federal courts had previously held." *Zahora v. Precision Airmotive Corp.,* 2007 WL 765024, 1 (E.D.Pa.2007). Instead, in *Grable & Sons Metal Products v. Darue Engineering,* the United States Supreme Court formulated the relevant inquiry as follows: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products v. Darue Engineering,* 545 U.S. 308, 314 (2005).

The Fifth Circuit has articulated four requirements for the determination of whether a federal issue embedded in a state law cause of action will confer federal question jurisdiction. Federal question jurisdiction is appropriate when: (1) resolving the federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities. *Singh v. Duane Morris LLP,* 538 F.3d 334, 338 (5th Cir. 2008).

Here, Plaintiffs assert two breach of contract claims, a request for declaratory judgment, and a request for temporary restraining order and injunctive relief. (Rec. Doc. 1-2, ¶¶ 50-76). The Court interprets Plaintiffs' Petition to assert purely state

law claims for damages and equitable relief. Nonetheless, the Court must determine whether a federal issue is embedded in Plaintiffs' state law claims by virtue of their reference to the Natural Gas Act ("NGA") and/or if the dispute confers jurisdiction on this Court pursuant to OCSLA.

### A. The Natural Gas Act

The only reference Plaintiffs make to the NGA is in Paragraph 47 of their Petition wherein they note that Plaintiff Sea Robin has a federally imposed duty under the NGA to provide open and nondiscriminatory access to Plaintiffs' pipelines. (*Id*. at ¶ 47). Plaintiffs assert that "Defendants' breach of contract and attempt to shut down the Plant threaten to force Plaintiff to violate its duty because it will no longer be able to provide pipeline access to its customers." (*Id*.). Plaintiffs include this paragraph as an example of alleged harm caused by Defendants' breach of contract, i.e. that Plaintiff Sea Lion may be liable to third parties under the NGA as a result of Defendants' conduct. (*Id*.).

Defendants argue that Plaintiffs' request for a preliminary injunction depends on the interpretation of the NGA because irreparable injury is a necessary element of said request for a preliminary injunction. (Rec. Doc. 18). This Court disagrees. First, the Court agrees with Plaintiffs that they "have pleaded numerous other grounds for irreparable harm, any one of which obviates the need to independently establish irreparable harm via Plaintiffs' NGA obligations." (Rec. Doc. 20, p. 2, fn.

7

2). Further, the Court finds that vindication of Plaintiffs' rights does not turn on resolution of a federal question, namely interpretation or application of the NGA. *See MSOF Corp.*, 295 F.3d at 491. Plaintiffs do not challenge the promulgation or enforceability of the NGA or the adequacy of any of its provisions. A determination of whether Defendants breached a duty to Plaintiffs does not require resort to the NGA or any other federal law. Plaintiffs did not ask the Court to interpret a federal statute, to declare any party's rights or obligations under any federal statute, or to remedy a violation of any federal statute. In other words, there is no substantial question of federal law, and Defendants have failed to meet their burden to establish otherwise. *See St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1253. Accordingly, the Court finds that subject matter jurisdiction does not exist under 28 U.S.C. § 1331.

### B. OCSLA

OCSLA declares the OCS to be an area of "exclusive federal jurisdiction." *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 479 (1981) (*citing* 43 U.S.C. §1333(a)(1)). OCSLA extends the "Constitution and laws and civil and political jurisdiction of the United States" to the subsoil and seabed of the Outer Continental Shelf and to "artificial islands and fixed structures" built for discovery, extraction, and transportation of minerals. *Id*. at 480 (*citing* 43 U.S.C. § 1333(a)(1)). Accordingly, OCSLA provides that: "the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A)

any operation conducted on the outer Continental Shelf which involves exploration, development, or production of minerals . . . ." 43 U.S.C. § 1349(b)(1). "Courts typically assess jurisdiction under this provision in terms of whether (1) the activities that caused the injury constituted an "operation" "conducted on the outer Continental Shelf" that involved the exploration and production of minerals, and (2) the case "arises out of, or in connection with" the operation." *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014)

Defendants maintain that this dispute "falls within the express grant of federal jurisdiction in 43 U.S.C. § 1349(b)(1)" because the "case involves an operation conducted on the [OSC] related to development and production of minerals." (Rec. Doc. 17). Specifically, Defendants point to Paragraph 46 of Plaintiffs' Petition which alleges:

> …the wells that produce gas transported on the Sea Robin Pipeline depend on the operations of the Plant for continued production. The cessation of operations at the Plant will force producers and well operators to shut-in those gas producing wells for the span of the Plant's shutdown.  Certain of Sea Robin's customers have warned that shut-in of those wells for any extended period of time may result in the permanent cessation of production for those wells.  Accordingly, the cessation of Plant will result in the complete and permanent loss of business and customers by Sea Robin, as well as further damage its reputation and goodwill with customers.

(Rec. Doc. 1-2, ¶ 46).

Defendants rely on *Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988) to support their contention that this dispute implicates

OCSLA due to Plaintiffs' mention of the dispute's effect on non-party gas producers and well operators. The Court finds *Amoco* distinguishable from the present matter. In *Amoco*, the dispute concerned "take-or-pay obligations in contracts for the sale/purchase of natural gas, made between Sea Robin Pipeline Co. (Sea Robin) as purchaser, and Amoco Production Co. (Amoco) as seller." *Amoco Prod. Co.*, 844 F.2d at 1203. Notably, a party to the dispute, Amoco, produced the natural gas subject to the contracts *on the OSC*. *Id*. The issue before the Fifth Circuit was whether Sea Robin's reduction in the quantities of gas it purchased from Amoco constituted "exploration, development, or production" under OCSLA. *Id*. The Fifth Circuit found that it did:

> Exercise of take-or-pay rights, minimum-take rights, or both, by Sea Robin necessarily and physically has an immediate bearing on the production of the particular well, certainly in the sense of the volume of gas actually produced. Dispute by the parties of their respective rights, duties, defenses, and obligations is thus a controversy "arising out of, or in connection with (A) any operation ... which involves exploration, development, or production of the minerals ... § 1349(b)(1).
> *Id*. at 1210.

Here, Plaintiffs include Paragraph 46 as an example of alleged harm caused by Defendants' breach of contract, i.e. that Plaintiff Sea Lion may lose customers, the non-party gas producers and well operators, as a result of Defendants' conduct. (*Id*.). The Court agrees with Plaintiffs that this dispute has "nothing to do with the continental shelf" and instead involves "the operation of a Plant located in Erath,

10

Louisiana," (Rec. Doc. 20, p. 3) and operations on the continental shelf are certainly not a "but-for" cause of the claims asserted. *See In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014). The alleged activities that caused Plaintiffs' injury, i.e. breach of contract, do not constitute an operation conducted on the outer continental shelf that involved the exploration and production of minerals, nor does the dispute between these particular parties arise out of, or share connection with, said operation. *See In re Deepwater Horizon*, 745 F.3d at 163. Accordingly, the Court finds that subject matter jurisdiction does not exist under 43 U.S.C. § 1349(b)(1).

### C. Attorneys' Fees

Plaintiffs also seek an award of attorneys' fees for improper removal. A removal found to be improper does not automatically entitle the plaintiff to an award of attorneys' fees. *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000). In determining whether to award attorneys' fees, the court must not consider the removing defendant's subjective motive, but it must instead "consider objectively the merits of the defendant's case at the time of removal." *Id*.

> The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. We evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper.

*Id*. at 293.

11

The Court declines to recommend an award of attorneys' fees in this case. The jurisprudence discussed above illustrates that the existence of federal question jurisdiction in such cases is not always indisputable.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiffs' Motion to Remand (Rec. Doc. 6) be GRANTED IN PART AND DENIED IN PART. This motion should be granted to the extent it seeks remand to state court. The motion should be denied to the extent Plaintiffs seek attorneys' fees for removal.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 13th day of November, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE